## Armstrong, Appellant, *v.* Warner Brothers Theatres, Inc.

Argued April 15, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold S. Hampson,* for appellant.

*Raymond P. Leemhuis,* with him *Joseph S. Goldstein* and *English, Quinn, Leemhuis & Plate,* for appellee.

OPINION BY ARNOLD, J., September 30, 1947:

The court below entered judgment for the defendant notwithstanding plaintiff's verdict for damages for personal injuries sustained while leaving defendant's theatre.

Plaintiff and her daughter-in-law had purchased tickets of admission and witnessed the "first show" of a motion picture, and immediately thereafter started to leave. A goodly number of other persons were also leaving and a number were entering the theatre.

A pair of swinging doors separated the lobby from the street. These doors opened outward and were controlled by a combination of a spring closing the door rapidly, and a pneumatic check which started to operate when the door had closed to a point ten to fifteen inches from the door jamb. At this point the pneumatic check slowed down the motion of the door which became slower and slower, so that when it arrived at the jamb it hardly moved at all.

The plaintiff followed her daughter-in-law out of the theatre at the conclusion of the first showing. The daughter-in-law pushed open the door on the left with her elbow. This door was then grasped by a young man who was entering the theatre with a girl, and the daughter-in-law stepped out of the way. The man released the door, which struck the plaintiff and injured her.

It is at least doubtful whether, under the facts presented, there was any negligence on the part of the defendant. The patron of a theatre is owed only the

duty of reasonable and ordinary care: *Kmiotek v. Anast et al.*, 355 Pa. 349, 350, 49 A. 2d 695 (citing *Robb v. Niles-Bement-Pond Co., Inc.*, 269 Pa. 298, 300, 112 A. 459) ; *Beck v. Stanley Company of America*, 355 Pa. 608, 50 A. 2d 306. See also the cases involving customers of a store such as *Smith et ux. v. American Stores Company*, 156 Pa. Superior Ct. 375, 40 A. 2d 696; *Hixenbaugh et vir v. J. G. McCrory Company*, 145 Pa. Superior Ct. 586, 20 A. 2d 910; *Burckhalter et ux. v. F. W. Woolworth Company*, 340 Pa. 300, 16 A. 2d 716; *Sheridan v. Great Atlantic and Pacific Tea Company*, 353 Pa. 11, 44 A. 2d 280; *Subasky v. The Great Atlantic & Pacific Tea Company*, 161 Pa. Superior Ct. 90, 53 A. 2d 840. The nearest analogy to the present case would seem to be the revolving door cases, where the charge is that the rubber friction strips became worn and permitted the door to revolve too freely. These cases are collected in 33 A. L. R. 225, 58 A. L. R. 144 and 100 A. L. R. 761. See also *Nersiff v. Worcester County Institution for Savings* (Mass.) 162 N. E. 349; *Eyerly v. Baker* (Md.), 178 A. 691. In the recent case of *MacDonough v. State*, 69 N. Y. S. 2d 808, the Supreme Court held that there was no duty to install a governor to regulate the speed of a revolving door where it was designed and equipped in accordance with approved methods then in vogue, and was in good repair. In the instant case the combination spring and check operating the door was the familiar Russwin pneumatic check. There is neither allegation nor proof that it was defective in any way.

But in the view we take of this case the question of the defendant's negligence need not be passed upon, for the plaintiff was guilty of contributory negligence. She testified that she had attended the theatre a number of other times; yet on this occasion she neither looked, watched, waited nor stepped aside, and until she was struck did not know that the door was closing. Being a door, ipso facto it opened and closed. She did not

place her hand on it to hold it open or to fend it off. In fact she did nothing to protect herself. She was not reasonably vigilant (Restatement, Torts, §480), and, having made no attempt to guard herself from danger, she was negligent unless excused. As justification for her absence of care she testified that, as on previous occasions, she relied on her daughter-in-law to hold the door for her. But this cannot be an excuse because she was well able to protect herself and to put her hand on the door. While it is argued that she was seventy-five years old, the evidence shows she could see, could walk, and could easily have held the door. In any event, if she had an infirmity, it imposed upon her a greater vigilance: *Karl v. Juniata County,* 206 Pa. 633, 56 A. 78; *Smith v. Sneller,* 147 Pa. Superior Ct. 231, 24 A. 2d 61. The conclusion that she was contributorily negligent scarcely seems to require citations, but see *McFadden v. Pennzoil Company,* 341 Pa. 433, 19 A. 2d 370; *Smith v. Penn Federal Corporation,* 315 Pa. 20, 172 A. 147; *Haugh v. Harris Brothers Amusement Company,* 315 Pa. 90, 172 A. 145, and the theatre and store cases previously cited herein.

Judgment affirmed.

Judges DITHRICH and ROSS dissent.