Robb *v.* Gylock Corporation, Appellant.

Argued November 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Harrison G. Kildare,* with him *Joseph W. Henderson, Thomas F. Mount* and *Rawle & Henderson,* for appellant.

*Joseph G. Feldman,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, February 6, 1956: In this action of trespass defendant appeals from the refusal of its motion for judgment n.o.v., based on plaintiff's contributory negligence, and of its motion for new trial, founded on the claim that its negligence was not established and that the verdict was excessive.

The verdict of the jury established the following facts:

Plaintiff was a truck driver for the Pioneer Salt Company. As such, he delivered to defendant carboys containing sulphuric acid, and also collected them, when empty, for return to his employer. Defendant was one to which such material and service were supplied. Plaintiff had been so engaged for a period of approximately one year prior to the occurrence leading to his injuries. On this day he and his helper had delivered supplies to defendant, at which time he was directed by defendant's employe to pick up and return to his employer some "empty" carboys which were stored outside the building but, because of their hazardous contents, within a fenced enclosure.

The carboys were 20-gallon glass bottles, approximately 3 feet high and 2 feet in diameter, each encased

in a wooden crate with the spout extending from the top and capped with a ceramic stopper. Having dragged the first one to the truck, whose tail gate was approximately 4 feet from the ground, plaintiff asked defendant's employe, "are you sure these things are empty?", and was told, "Positively they are empty. That is why we want to get rid of them." They were "wet and heavier than what they would usually be," and weighed about 80-85 pounds. When moving the second one, and because of its weight, he again asked if they were empty and was again told, "Yes I am sure. I told you they were all empty." He thereupon lifted it from the ground in the customary manner, but as he placed the bottom on the tail gate, the stopper flew off, and acid sprayed his forehead, nose, neck, right side of his face, and clothing. He suffered severe burns and permanent scars, with attendant pain and embarrassment.

Plaintiff's expenses were $326.57, and his verdict was $5000. However, much of the treatment, through medicinal applications to the injuries as well as attention, was given him by his wife. This necessarily reduced his expenses.

Defendant first contends that plaintiff was guilty of contributory negligence as a matter of law, on the theory that he acted only on the word of defendant's employe, and failed to make his own tests to determine whether the carboys were empty. But, as he testified, and everyone knows, it is not to be expected that one will test the presence of sulphuric acid in a bottle by looking into it or smelling it,—as defendant contends he should have done. Plaintiff had no reason to believe there was acid in the bottles, except for the fact that they were heavier than usual. But since the crates were wet, and he received the twice-stated assurance from defendant's employe that they were empty, we

cannot but say that his contributory negligence was a question for the jury under the circumstances. He did not "test an obvious danger" or "blindly proceed," but justifiably relied on the directions of defendant's employe, on whom he had a right to rely. There was no thoughtless inattention to circumstances. His failure to investigate further was not contributory negligence as a matter of law, and the question was properly left to the jury. See *Heyse v. The Philadelphia Electric Company*, 248 Pa. 99, 93 A. 877, and *Johnson v. Rulon*, 363 Pa. 585, 70 A. 2d 325. In the *Heyse* case the defendant also contended that the plaintiff's injuries were the "direct result of a mistaken assurance of safety given him by an employee of the defendant, who was acting beyond the scope of his employment." This Court there held that such questions are factual, and ordinarily for the jury. We see no distinction here to take it out of that rule.

Nor can it be said that the proof was insufficient to establish defendant's negligence. Its employe's assurances that the carboys were empty were within the scope of his employment (*Heyse v. The Philadelphia Electric Co.*, supra), and the jury was warranted in finding that he made a misrepresentation, upon which plaintiff relied, which tended to induce plaintiff to do just what he did, that it involved an unreasonable risk of bodily harm, and that the employe either knew that it was false or did not have the knowledge he professed to have. For this, defendant is liable: *Heyse v. Philadelphia Electric Co.*, supra; Restatement, Torts, §310.

Nor can we hold that the verdict was excessive. Plaintiff suffered deep and most painful burns which left permanent scars on his face. He also suffered the attendant shock and pain which come with such injuries. As pointed out, in addition to hospital and

medical treatment, he was treated at home by his wife,—a reason why his liquidated damages were not greater. In addition, he underwent a certain amount of embarrassment. We cannot declare that the court below was in error in holding that the verdict did not shock its conscience, and see no basis for its reduction.

Judgment affirmed.