Eckman *v.* Bethlehem Steel Company, Appellant.

Argued November 20, 1956.   Before JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Samuel Polsky,* with him *Thomas Z. Minehart, Melvin Alan Bank,* and *Wilderman & Markowitz,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, December 29, 1956:

In this action of trespass, defendant, Bethlehem Steel Company, appeals from the refusal of its motions for new trial and judgment n.o.v. Defendant contends that the court erred in applying the exclusive control doctrine to the case; that the plaintiff was contributorily negligent; and that the verdict was excessive. The sole evidence in the case was produced by plaintiff, and on this appeal must be taken most favorably to him.

Plaintiff was working for his employer on defendant's premises under a contract between his employer and defendant. He had been engaged for several days in the installation of safety, or pop-off, valves on a "live" steam line in defendant's boiler room. This line extended across the boiler room at a height of 10 feet from the floor, and paralleling it was an exhaust line 2 feet above it. The two lines were connected by four "escape" lines, each of which was equipped with a gate valve and also a pop-off valve. The pop-off valves were so set that steam would be released when steam pressure reached a fixed point.

All of the gate valves were manually operated, and could not be opened accidentally. When closed, these gate valves completely closed off the escape lines. The

pop-off valves, on the other hand, operated automatically through the steam pressure.

Control of the steam generating plant, operated around the clock, was solely in defendant and its employes, who were cognizant of the work being done by plaintiff. At least two of defendant's employes were in the boiler room during the time the work was in progress. Plaintiff had no authority to, nor did he, open or close valves in the steam line or escape line, this resting solely in defendant's employes.

When the other three, of the four, pop-off valves were installed by plaintiff, the gate valves had been closed. At the commencement of work on the day in question, plaintiff's foreman had told him it was safe to work; and it was shown to be usual procedure for the foreman to receive permission from plant employes to work on the line before beginning to do so.

At the time of the occurrence the other three gate valves were closed, but as plaintiff was engaged in the installation of the fourth pop-off valve, and standing on a ten-foot scaffold, the steam suddenly escaped from the opening in the escape line, severely scalded plaintiff and caused him to fall to the floor. Immediately one of defendant's employes ran directly to the fourth gate valve and closed it.

We declared in *Mack v. Reading Company*, 377 Pa. 135, 103 A. 2d 749, that the exclusive control doctrine is to be applied only where evidence as to cause is peculiarly or exclusively in the possession of the defendant and not equally available to both parties. The doctrine is purely a rule of evidence determining whose task it is to produce evidence, or, as Professor Wigmore has phrased it, "who has the risk of non-persuasion": *Dillon v. William S. Scull Co.*, 164 Pa. Superior Ct. 365, 64 A. 2d 525. " '. . . where the thing is shown to be un-

der the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' '': *Mack v. Reading Company,* supra, at page 139. Defendant offered no evidence, and thus no explanation of other cause, and the question here is whether plaintiff's evidence satisfied the requirements of the rule.

Under the evidence the jury was warranted in finding that the accident resulted from defendant's negligence. *Cf. Stanalonis v. Branch Motor Express Company,* 358 Pa. 426, 57 A. 2d 866. The difficulty with defendant's position is that it seeks to place control of "the thing" in plaintiff through his working on the line and his knowledge of the danger incident to such work. However, control of the generating plant, and of the amount of steam or its pressure going into the line, were solely in defendant and its employes. At no time had plaintiff anything to do with the plant, nor did he have any means of knowing what was being done by the defendant's employes in that regard. They alone knew, and with knowing of the work being done by plaintiff, the latter could well expect them to so perform their work as to prevent such an occurrence. It was not solely a question of control of the gate valve, as defendant contends in declaring the exclusive control doctrine inapplicable to this case. All of the elements necessary to its application are present, and the jury was justified in finding defendant negligent.

Nor can it be held as a matter of law that plaintiff was contributorily negligent. He did not, as defendant contends, have "full opportunity of knowing the danger" and thus assume "the risk of injury from the dan-

ger." He had already installed other pop-off valves without incident and had the right to assume that the steam pressure would be so controlled by defendant as not to create the dangerous condition causing plaintiff's injuries. *Cf. Johnson v. Rulon,* 363 Pa. 585, 70 A. 2d 325; *Robb v. Gylock Corporation,* 384 Pa. 209, 120 A. 2d 174. Plaintiff had no control and had the right to rely upon an assurance of safety through defendant's performance of its duty.

The plaintiff received a verdict of $10,000. He had liquidated damages of $325 for hospital and medical attention and $945 loss of earnings. His injuries were serious—a severe scalding with resultant scarring and skin tightening. The burns were so bad that when his shirt was removed the skin came off. In his fall from the scaffold he received a scalp cut requiring 12 stitches, and an injury to his elbow resulting in traumatic bursitis. He was in the hospital for 23 days and suffered considerable pain for some months after the accident. This verdict cannot be said to shock a court's conscience; was not excessive and was no abuse of discretion in the court below: *Townsend v. Pittsburgh,* 383 Pa. 453, 119 A. 2d 227.

Judgment affirmed.

---

CONCURRING OPINION BY MR. JUSTICE BELL:

I do not believe that the evidence clearly and indisputably shows that plaintiff's injuries were caused by *something* which was in the exclusive control of the defendant. Even more important, the present statement of the doctrine of exclusive control is far too broad. See the concurring opinion in *Kotal v. Goldberg,* 375 Pa. 397, 405, 100 A. 2d 630, for a comprehensive review of the exclusive control doctrine and the few cases

which have applied and the very many cases which have wisely refused to apply it, as well as when such principle should apply; see also the recent decision in *Robinson v. Wirts*, 387 Pa. 291, 127 A. 2d 706, where this Court again refused to apply the doctrine to a surgeon who was performing a gastroscopic examination with a gastroscope, which was under the surgeon's exclusive control at the time it caused the perforation of plaintiff's esophagus.

However, the evidence in my judgment was sufficient to take the case to the jury on the question of defendant's negligence and plaintiff's contributory negligence, and for this reason I agree with the majority that defendant was not entitled to a judgment non obstante veredicto.