Smith *v.* Esslinger's, Inc., Appellant.

Argued October 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas E. Comber, Jr.,* with him *K. Robert Conrad* and *Pepper, Bodine, Frick, Scheetz & Hamilton,* for appellant.

*Stephen M. Feldman,* with him *Joseph G. Feldman* and *Feldman & Feldman,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

This appeal by defendant is from the refusal of the court below to enter judgment notwithstanding plaintiff's verdict. The action was commenced in trespass for damages sustained by plaintiff while delivering chemicals to defendant, Esslinger's, Inc., a brewery in Philadelphia. Edward J. Smith, plaintiff, on April 9, 1954, drove up to and stopped his truck along the side of defendant's building. He was directed by the receiving clerk to deliver the chemicals to a certain location along the side of the brewery where a door was located on level with the discharging door on the side of plaintiff's truck. Plaintiff delivered merchandise to defendant's brewery on previous occasions, but at no time to this particular part of the premises. While plaintiff was about to unload, a door, which he did not notice, was opened from the inside. After the

drum was unloaded through the open door, the receiving clerk requested plaintiff to close the door which consisted of two panels. Plaintiff grasped the door and pulled downward and, as the door closed, plaintiff's fingers were caught between the upper and the lower portions.

After trial by jury, a verdict in the sum of $1,500 was awarded to the plaintiff. Defendant filed a motion for judgment n.o.v. which was denied by the court below. The amount of the verdict is not questioned.

Two questions are before us for determination: (1) Was there a jury question as to whether or not the defendant was negligent? (2) Was plaintiff contributorily negligent as a matter of law? As to the first question, the evidence indicates that plaintiff was on the premises as an invitee to whom defendant owed a duty of protection from bodily harm. A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, (a) he knows, or by exercise of reasonable care could discover, the conditions which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care to make the conditions reasonably safe, or to give a warning adequate to enable them to avoid the harm. Restatement of Torts, section 343. See also *Subasky v. Great Atlantic and Pacific Tea Company*, 161 Pa. Superior Ct. 90, 53 A. 2d 840.

A possessor, who holds his premises open to others for his own business purposes, must exercise a knowledge of the dangerous qualities of the appliances provided therein (as doors automatically closing from the bottom when pulled from the top), which is not re-

quired of his patrons. In the instant case, defendant instructed plaintiff as to how to operate the door. He did it without warning him about its peculiar operation and the danger connected with it. Plaintiff relied upon defendant's direction in this regard. It is evident that the door became dangerous when operated without sufficient knowledge as to this mechanism. Failure to disclose the method of the door's operation supplied the proof of lack of due care on the part of the defendant. Plaintiff was not informed that the door consisted of two parts or that its mechanism operated as it did. The case is distinguished from *Teets v. Crescent Portland Cement Company*, 123 Pa. Superior Ct. 85, 186 A. 373, where plaintiff went to a place of danger which he saw or should have seen or known. Under the facts in this case we agree with the court below that the question of defendant's negligence was properly submitted to the jury instead of being decided as a matter of law.

On the question of contributory negligence, there is no evidence which attributes knowledge to the plaintiff that the door in question was made of two parts or that it operated in the way it did. He had not been to this particular place prior to the time of his injury. The time of the accident was the first time that he had seen the door in operation. He saw the closed door while he was in the truck and then saw it opened from the inside by someone else.

When plaintiff asked about the way to close the door, defendant's agent, without any warning, gave him the instruction and the carrying out of the instruction put the door in motion. He did not test an obvious danger but justifiably relied on the direction of defendant's employe on whom he had a right to rely. His failure to investigate further, before closing the door, was not contributory negligence as a matter of law,

and the question was properly for the jury. *Robb v. Gylock Corporation,* 384 Pa. 209, 120 A. 2d 174.

Defendant relies on *Armstrong v. Warner Brothers Theaters, Inc.,* 161 Pa. Superior Ct. 385, 54 A. 2d 831, for the proposition that plaintiff was contributorily negligent. In that case plaintiff had seen the door in operation on several occasions prior to the accident, and the court properly entered judgment for the defendant notwithstanding plaintiff's verdict for damages for personal injuries sustained while leaving defendant's theater. There was testimony in that case that plaintiff had attended the theater a number of other times; yet on this occasion she neither looked, watched, waited, nor stepped aside. As justification for her absence of care, she testified that, as on previous occasions, she relied on her daughter-in-law to hold the door for her. Here there is no dispute that plaintiff had not seen the door operate prior to the date of the accident.

We agree with the lower court that the questions of defendant's negligence and plaintiff's contributory negligence were properly for the jury.

Judgment affirmed.