**MANUFACTURERS MUTUAL FIRE INSURANCE COMPANY**

v.

**G. R. KINNEY CO. PENNSYL-VANIA, Inc.**

and

**Philadelphia Electric Company.**

**Civ. A. No. 33636.**

United States District Court
E. D. Pennsylvania.

April 25, 1967.

George E. Beechwood, Philadelphia, Pa., for plaintiff.

Vincent C. Veldorale, Philadelphia, Pa., for defendant Kinney.

Michael A. Foley, Philadelphia, Pa., for defendant Philadelphia Electric Co.

## OPINION

LUONGO, District Judge.

On Monday, February 19, 1962, the contents of a store occupied by M. Buten and Sons, Inc. (Buten) were damaged by water used to put out a fire in an adjoining store premises occupied by G. R. Kinney Co. Pennsylvania, Inc. (Kinney). Manufacturers Mutual Fire Insurance Company, Buten's fire insurer, paid Buten for the water damage loss and, as subrogee of Buten's rights, instituted suit against Kinney and against Philadelphia Electric Company, charging that they negligently caused the fire. The case came on for trial before the court and a jury. At the conclusion of plaintiff's evidence, both defendants moved under Rule 50(b) for a directed verdict. The defendants' motions were granted. Contending that the court erred in granting the motions, plaintiff now seeks a new trial. The motion for new trial will be denied.

Viewed in the light most favorable to the plaintiff, the evidence established that the fire which resulted in the water damage to Buten's property originated in the basement of premises occupied by defendant Kinney. The Kinney premises were heated by an oil burner located in the basement. The oil burner was in operation at the time the fire was discovered. Approximately six feet or so distant from the oil burner was located some trash which had been accumulated over a period of several business days awaiting the regular weekly collection.

The accumulation of trash in such proximity to the oil burner was probably an unsafe and a negligent condition, and the court so commented at the time of trial, but there was no evidence to establish a causal relationship between that negligent condition and the fire. Plaintiff's evidence disclosed that the oil burner was located at the rear of the basement which was approximately 85 feet long; that when Kinney's manager went into the basement to investigate, he saw no sign of fire at or near the trash

or the furnace; that the smoke and the red glow which he saw were at the right front portion of the basement, in an area approximately beneath the display window of the store premises. There was no evidence at all on which a jury could conclude that the accumulation of trash had anything to do with causing the fire. See Stewart v. DeNoon, 220 Pa. 154, 69 A. 587 (1908).

There was evidence also that an electric panel box was located at the front of the Kinney basement, but it was at a point removed from the smoke and the red glow. There was no evidence that the panel box was installed or maintained by defendant Philadelphia Electric Company, or that it was in any way connected with the fire. Indeed, from statements made in its brief, plaintiff seems to have abandoned its motion for new trial as against Philadelphia Electric Company.

The sole issue in this case was stated by the court in a colloquy with plaintiff's counsel prior to ruling upon defendants' motions for directed verdict.

"[Y]ou will have to get by in this case on the bare legal principle * * * that once you have shown that there was a fire and that you sustained loss from that fire, the burden then shifts to the defendants to prove that they were not negligent * * *." (N.T. 128)

Plaintiff's argument throughout this case is that under the Pennsylvania doctrine of exclusive control, all it must show is that defendant was in control of the *premises*, and that a fire occurred therein causing the loss complained of.

There is little I can add to the reasons I gave at trial in granting the defendants' motions for directed verdict and in distinguishing the cases argued by plaintiff:

"In your Eckman [v. Bethlehem Steel Co., 387 Pa. 437, 128 A.2d 70 (1956)] case the instrumentality which was shown clearly to have caused the scalding to the plaintiff was a steam pipe which was part of a steam system which was clearly under the control of the defendant, and the plaintiff did present evidence to show the manner in which the system was set up and to show that the site of the escape of the steam that scalded the plaintiff, a pop valve, was located in such a way that if the manually-operated valves, which could not be opened other than by the operation of the wheels, had remained closed, the pop valve simply could not have allowed the steam to escape causing the scalding to the plaintiff; so there was ample evidence there to show that an accident had happened which would not have happened but for the negligence of the defendant, and all that case stands for is the proposition that under those circumstances the defendant is then called upon to present evidence to show an absence of negligence on its part.

"In the [Ten Ten Chestnut St. Corp. v. Quaker State Coca-Cola Bottling Co., 186 Pa.Super. 585, 142 A.2d 306 (1958)] case which you cited * * *, again the plaintiff did show the cause of the fire. He presented expert testimony from which a jury could clearly find that the cause of the fire, the origin, was a certain Coca-Cola machine, the motor of that machine, and showed enough through expert testimony to establish that it was the kind of fire that would not have occurred but for the negligence of the defendant, and there the box, the refrigerated dispensing unit, was shown to be in the exclusive control of the Coca-Cola Company and that under such circumstances it was the defendant's burden to produce some evidence to establish a lack of negligence on its part.

"You seek in this case to extend the doctrine of exclusive control to an area that I have never known it to be extended before—namely, to the owner or occupant of a dwelling or commercial or industrial establishment.

"In all of the cases with which I am familiar, the doctrine of exclusive control has been limited to a particular instrumentality.

"In the [Ten Ten Chestnut St. Corp.] case it was the refrigerated dispensing box. In [Eckman], it was the steam system.

"I have never known any case in which the doctrine of exclusive control has been extended to the occupant of an entire premises to require that occupant, in the absence of evidence of any negligence, to give an explanation as to why a fire started.

"There is absolutely no evidence in this case as to the origin of this fire from the standpoint of whether it may have been caused by defective wiring, whether it may have been caused by intense sunlight passing through a prism of some sort, whether it may have been caused by arson, other than arson of your insured, or that it might have been caused by some passerby flinging a piece of burning substance into the premises.

"There is just a total absence of evidence as to the cause and origin of the fire, and on that basis I must grant the motion for directed verdict * * *." (N.T. 135–137)

This total absence of evidence also serves to distinguish this case from Schwartz v. Warwick-Philadelphia Corp., 424 Pa. 185, 226 A.2d 484 (1967) upon which plaintiff also relies. There was ample evidence in *Schwartz* that defendant banquet caterer knew or had reason to know that food was being spilled on the dance floor in the banquet room and that the banquet guests were moving about the floor. The court, quoting from Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477 (1959), recognized that the jury must be given a factual basis on which to predicate a reasonable conclusion of liability. There is no such factual basis here.

Finally, the alternative holding in Stewart v. DeNoon, supra, is noteworthy even though (or perhaps because) the court did not discuss the doctrine of exclusive control. In *Stewart*, the plaintiffs adduced sufficient proof that the fire originated in defendants' premises, but this was not enough. It was held that, before the defendants could be called upon to explain, the plaintiffs must submit either direct or circumstantial evidence from which a jury could *reasonably* conclude that the fire was due to defendants' negligence; without such evidence the jury could only guess as to defendants' negligence. On the state of plaintiff's proof in the instant case, the jury could only have guessed, not only as to the cause of the fire, but also as to any possible negligence of either of the defendants which might have caused it or helped bring it about.

Plaintiff's Motion for New Trial denied.