## WARN v. DAVIS OIL CO.[1]

### (District Court, S. D. New York. May 14, 1894.)

1. NEGLIGENCE—EXPLOSION—PRESUMPTION.

An explosion in a building, unaccompanied by any explanation by the owner, or by evidence of care on his part, furnishes a presumption of negligence, and places on the owner the burden of showing reasonable care taken to avoid the accident.

2. SAME — UNEXPLAINED EXPLOSION — EVIDENCE REBUTTING PRESUMPTION OF NEGLIGENCE.

Where an unexplained explosion took place in defendant's factory, and defendant offered evidence showing a business not especially dangerous, when prosecuted with reasonable care, and that there were suitable regulations, arrangements, and equipment, and reasonable care exercised, and no neglect by defendant to enforce such regulations, held, that the evidence sufficiently rebutted the presumption of negligence arising from the explosion.

This was a libel by David J. Warn against the Davis Oil Company for damages to libelant's canal boat, S. F. Phelps, from an explosion in defendant's factory, near the dock at which the canal boat was lying.

Stewart & Macklin, for libelant.

Goodrich, Deady & Goodrich, for defendant.

BROWN, District Judge. On the 30th of January, 1894, as the libelant's canal boat, S. F. Phelps, lay at the dock in Gowanus canal, foot of Seventh street, Brooklyn, an explosion occurred in the defendants' building a few feet distant, causing injury to the libelant's boat, for which the above libel was filed.

In the court of appeals of this state, it was held in the case of Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259, that an explosion in a building, unaccompanied by any explanation by the owner, or by any evidence of care on his part, furnishes no presumption of negligence; and this was reaffirmed in Reiss v. Steam Co., 128 N. Y. 103, 28 N. E. 24. The opposite conclusion, as held by Judge Wallace, in the case of Rose v. Transportation Co., 11 Fed. 438, seems to me the more sensible and just, and more in accordance with legal principles and analogies. The same ruling was made on appeal in the circuit

[1] Reported by E. G. Benedict, Esq., of the New York bar.

court, in the case of The Sydney, 27 Fed. 119, 123. This ruling is based upon the principle (of wide application in the law of torts) that injuries which do not ordinarily happen when reasonable and proper care is taken to avoid them, afford a presumption of negligence, and place upon the defendant the burden of proof that ordinary and reasonable care was taken to avoid the accident; and also upon the principle of evidence, that he who has peculiarly within his power the means of producing evidence of reasonable care, shall be required to produce it.

The evidence offered in behalf of the defendants in this case was sufficient, in my judgment, to rebut the prima facie inference of negligence on their part. The building in question was used for the refining of grease. Four large tanks were employed, the tops of which rose from 14 to 18 feet above the floor and extended nearly to the top of the ceiling of the second story. On the day of this accident, which happened about 11:40 a. m., only one tank was in actual use. The process was to put into the tank a large quantity of grease, through a six-inch pipe from troughs on the floor above; and then to introduce and mix with it, at different times, chromate of potash and sulphuric acid; and the mass being agitated and warmed by steam coils was bleached by the oxygen set free by the chemicals. Some hydrocarbons were generated by this process; and this was the only substance which, combined with air, was likely to produce any explosive mixture. The process of manufacturing was a usual one. It had been carried on at this place in the same manner for a number of years, and no explosion had ever before occurred. There were but few workmen required in the place. Smoking within the building was prohibited, and no movable lights were allowed in the premises during the process of refining, which was carried on only in the daytime. There were gas fixtures supplying a jet of gas near the floor, opposite each tank, and about five or six feet distant from them, but many feet below the upper rims of the tanks. In the winter time these jets were lighted when needed for work early in the morning. Their frequent use without accident shows that they were unattended by danger.

It is not certain whether the explosion occurred in the upper floor of the building, where possibly some hydrocarbon mixed with air might have come through the six-inch pipe, or whether it was in the tank itself in the story below. It must, seemingly, have come from some light, or burning substance. There is no direct evidence that any person with a light or cigar, or anything else capable of lighting explosive matter, was present at that particular time; nor was any fire found in the building by the foreman who went through it a few minutes before. One of the libelant's witnesses testifies to seeing a light pass across one of the windows; but this was too long a time before the accident to account for it. If some one was going about the place with a light, it was not the defendants' officers; and whoever it was, was violating the defendants' rules; and so far as appears, without any connection with the transaction of the defendants' business, or by the defendants' permission or authority. The cause of the accident is, in fact, unexplained. Either an acci-

dental fire, or some violation of the rules by workmen in smoking, or carrying a light, seem the only imaginable causes. If the latter was the cause, the defendants are not responsible for such an unauthorized act of a workman, any more than a householder would be responsible for the damage to a neighboring house through a fire caused by his servant's carelessness. The evidence offered by the defendants, shows a business not specially dangerous when prosecuted with reasonable care; that there were suitable regulations, arrangements, and equipment, and reasonable care exercised; and that there was no neglect by the defendants to enforce such regulations. I think this sufficiently rebuts the prima facie presumption of negligence; and on this ground the libel should be dismissed; but without costs.