BEVERLY McDONOUGH vs. BOSTON ELEVATED RAILWAY
COMPANY.

GEORGE E. MANSER vs. SAME.

Middlesex.    January 17, 1911. — April 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Street railway, *Res ipsa loquitur*.    *Evidence*, Presumptions and burden of
proof.    *Practice*, *Civil*, Declaration, Specifications.

At the trial of an action for personal injuries by a passenger against a street rail-
way company, the plaintiff testified that, as he was sitting with his back toward
the car window, he felt a blow or shock and lost consciousness, which he regained
in a physician's office, that he knew what an electric shock felt like and that the
feeling he had when injured was such as he had experienced when he had had
an electric shock, that one of his arms was broken in three places and that the
next day there were water blisters all up and down it, that the physician who
attended him, who died before the trial, had told him that he was suffering from
a severe electric shock.    There also was evidence tending to show that the ac-
cident occurred upon a bridge upon which the defendant maintained double
tracks which in the middle of the bridge were farther separated than at the ends,
that the plaintiff, when he lost consciousness, was sitting on the side of the car
toward the other track with an iron grating, with which his body was in contact,
at his back, and that a car was passing at a point where the tracks curved toward
each other, that the car upon which the plaintiff was a passenger was of the
semi-convertible type and the body of the car was so pivoted that it would swing
as the car passed over a curve, that as the two cars passed there was a noise
" as though the cars came together or something was rubbing like r-r-r-r-r-r."
An electrical expert, called by the plaintiff, testified that in his opinion ends of
cars going in opposite directions at the point described might come in collision
and that, if they did, and the insulation of the cars was imperfect, electricity
from one car could charge the iron grating on the other and one touching the
grating could receive such injuries as the plaintiff testified that he had received.
*Held*, that the case was one for the jury on the question of the negligence of the
defendant or its employees, because the testimony of the plaintiff called for an
application of the doctrine *res ipsa loquitur*, and because the fact that the plain-
tiff attempted to explain the accident did not deprive him of the right to rely
on that doctrine.

Where a declaration in an action of tort for personal injuries by a passenger against
a street railway company alleged generally that the injuries were caused by
negligence of the defendant, and, in response to a motion for specifications of
negligence, the plaintiff, after specifying some particulars, added, " And the
plaintiff further says that he is unable to further specify as to the negligence of
the defendant," if the evidence at the trial is such as to call for an application
of the rule *res ipsa loquitur*, the plaintiff is not precluded from relying thereon
although he has introduced no evidence to warrant a finding that the defendant
was negligent in any of the particulars that he specified.

Two ACTIONS OF TORT for personal injuries received by the plaintiffs while they were passengers upon an electric street car of the defendant.    Writs dated December 21, 1907.

In the Superior Court the cases were partly tried together before *White*, J., upon declarations in each case containing two counts, the first alleging that the injuries to the plaintiffs were " by reason of the negligence of the defendant, its agents or servants in operating and controlling said car, and in controlling the electric current by which said car was propelled, the plaintiff received a severe electric shock"; and the second alleging as the cause of the injuries negligence of the defendant, its servants and agents, in that they " so carelessly and negligently started said car and in controlling the electric current by which said car was propelled, plaintiff received a severe electric shock whereby the plaintiff during all this time was in the exercise of due care on his part, by reason of said negligence the plaintiff was thrown down with great force and violence."    Before the evidence for the defendant had closed, the presiding judge, on motion of the plaintiffs, allowed the declarations to be amended by adding to each the following :

" Third Count: And the plaintiff says that the defendant is a corporation carrying passengers on an electric railway in the cities of Boston and Medford, and that on the 19th day of September, 1907, plaintiff was a passenger on a car of the defendant corporation, which was proceeding from Sullivan Square to Medford and that he was injured while in the exercise of due care on account of the negligence of the defendant, its agents and servants.    And the plaintiff says that by reason of his said injuries he has suffered great damage and has been put to great expense for medicines, medical services and attendance.    All to the great damage of the plaintiff.    And the plaintiff further says that all three counts are for one and the same cause of action. "

At the request of the defendant, the cases then were continued.    Thereafter, upon the defendant moving for specifications, each plaintiff specified as to the third count as follows :

" First.    That the negligence of the defendant, its agents and servants, relied upon by the plaintiff in the third count of the plaintiff's amended declaration ; consisted of running the car upon which the plaintiff was a passenger on a track which was

so near an adjoining track that a car being run upon the adjoining track and the car upon which the plaintiff was riding came into contact with each other, or that the car upon which the plaintiff was riding came in contact with some portion of the bridge over which said car was passing at the time; the plaintiff meaning to claim by these answers that the accident occurred either on account of the car upon which the plaintiff was riding coming in contact with some portion of the bridge, or coming in contact with a car upon an adjoining track, and that the negligence either consisted in the negligent management, operation or control of the defendant's cars, or that the tracks were too near together and that the track was too near a portion of the bridge, and that the car upon which the plaintiff was riding or the car upon the other track was so wide that it came in contact either with the bridge or other car.

"And the plaintiff further says that he is unable to further specify as to the negligence of the defendant."

The cases then again were tried together before *Hitchcock*, J. Such facts as are material to an understanding of the decision are stated in the opinion. At the close of the evidence, the defendant asked the presiding judge to rule as to each count of each declaration that the plaintiff was not entitled to recover thereon. The rulings were refused. There were verdicts for the plaintiffs; and the defendant alleged exceptions.

*W. Shuebruk*, (*F. W. Fosdick* with him,) for the defendant.

*R. H. Sherman*, (*J. A. Kelleher & C. L. Allen* with him,) for the plaintiffs.

LORING, J. These were two actions tried together. Both the plaintiffs were sitting on the smokers' seat in the rear of the cross seats of one of the defendant's semi-convertible cars at the time of the accident here complained of. McDonough was sitting at the forward end of the smokers' seat next the first cross seat. Manser was sitting next to him, and one Mulligan, who was called as a witness by the plaintiffs, sat in the corner. Of a sudden Manser fell forward into the aisle holding on to his head and McDonough felt a blow or shock and came to in a doctor's office. One of his arms was broken in three places and the next day there were water blisters all up and down it. Each plaintiff testified that he knew what an electric shock felt

like and that at the time in question they had a feeling like that which they had experienced when they had had an electric shock.   In addition McDonough testified that the doctor (since deceased) who attended him " told him that he was suffering from a severe electric shock."   There was evidence that a large car of the defendant passed the car in question at the time the accident happened, and that as it passed there was a noise (to quote one of the plaintiffs' witnesses) " as though the cars came together, or something was rubbing like r-r-r-r-r."

There was evidence that the windows behind the plaintiffs were open and outside the windows and distant five inches from the back of the seat on which they were sitting was a wire grating ; and that there was a metallic piece in the floor near the head of the smokers' seat which " would make a ground for electricity."

The accident happened just before the car came to a drawbridge, or just as it left it, — which was not clear on the evidence.   There was evidence that the defendant's tracks on the drawbridge were farther apart than they are in the streets, and that not far from each end of the bridge they curve in to the ordinary street width.   An expert witness called by the plaintiffs testified that these large cars swing on a pivot in the middle and that if the forward end of one car was swinging around this curve going one way and the rear end of another was swinging around it going the other way they might collide. The same witness testified that he had examined the car here in question.   After describing the arrangements of electricity in it he testified that if the ends of two cars did meet as they swung around the curves above mentioned and the insulation of the cars was imperfect, electricity from one car could charge the grating of the other and if the plaintiffs' head or hand was in contact with the grating they could receive such injuries as the plaintiffs testified they had received.   There was some evidence that Manser's head and one of McDonough's hands were against the grating, and there was evidence that warranted a finding that the defendant had not adopted reasonable means to ascertain whether the insulation of the wiring on its cars was impaired.

The defendant's argument in support of its contention that

this evidence did not warrant a verdict for the plaintiffs is in effect that each step which leads up to the plaintiffs' having received electric shocks was not fully proved. But the jury were warranted on the plaintiffs' testimony alone in finding that they did receive electric shocks and that fact, if believed, is a fact which could be relied on to help out proof of some details. In addition the happening of the accident itself gave rise to the application of the doctrine of *res ipsa loquitur*, and the plaintiffs' attempt to explain the accident did not deprive them of the right to rely on that. See *McNamara* v. *Boston & Maine Railroad*, 202 Mass. 491, where the cases are collected.

The defendant also has contended that there was no evidence warranting a finding that the defendant was negligent " in controlling the electric current by which said car was propelled," and that in the absence of such evidence a verdict for the plaintiffs on the first and second counts could not be found. For the reasons already given we are of opinion that there was evidence of that fact.

The defendant has assumed that in case of the third count the plaintiffs were confined to the facts stated in its specifications. In our opinion that is not so. It is manifest that the presiding judge at the first trial allowed the plaintiffs to amend the declarations by adding the third count (alleging general negligence) to enable them to rely on the doctrine of *res ipsa loquitur*. The defendant could not deprive the plaintiffs of that right by requiring them to file specifications and by so cutting down that count to a count alleging special negligence. In our opinion the plaintiffs maintained their right to rely on their allegation of general negligence in the third count by adding to the specifications filed by them : " And the plaintiff further says that he is unable to further specify as to the negligence of the defendant."

*Exceptions overruled.*