[Civ. No. 6174. First Appellate District, Division One.—February 8, 1928.]

HARVEY H. SMITH, Respondent, v. SOUTHERN COUNTIES GAS CO. (a Corporation), Appellant.

George L. Greer and LeRoy M. Edwards for Appellant.

Nichols, Cooper & Hickson for Respondent.

CAMPBELL, J., *pro tem.*—This is an action for damages for personal injuries arising by reason of an explosion in a manhole or pit in one of the public streets of Pomona.

Appellant, Southern Counties Gas Company, was a public utility corporation supplying the residents of Pomona with gas at the time of the injury complained of and for some time prior thereto. The company about December 14, 1922, constructed a pit four feet by six feet and five feet deep at the intersection of Ninth and Reservoir Streets, and was using the public street by virtue of a franchise. The pit was built of concrete, and the pipes of the gas company had been laid and the valves placed before the cement was poured, the pit being constructed for the purpose of making accessible three shut-off valves and a regulating valve in the gas line. When the excavation was made it was found that a shut-off valve of the water company would be located in the pit.

From December, 1922, to January, 1924, the pit was inspected monthly by the gas company, that is, someone visited the pit, opened it and oiled the regulating valve. Covering the pit there was an eighteen by twenty-five inch cast-iron cover.

On January 10, 1924, respondent Harvey H. Smith, being then an employee of the water company, went to the intersection of Ninth and Reservoir Streets for the purpose of shutting off the water. He went into the pit, not knowing that it belonged to the gas company or that the gas company's pipes were located therein. Being unable to see, he struck a match, and the explosion occurred, causing the injuries complained of.

The court gave judgment for the plaintiff in the sum of two thousand five hundred dollars, together with costs, and from this judgment defendant Southern Counties Gas Company has appealed. It is appellant's contention, first, that the doctrine of *res ipsa loquitur* does not apply, and, second, that if it does apply, the defendant has met the burden imposed.

In *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020], one of the early leading cases in California involving this question, the court says: ''This proposition (referring to the doctrine of *res ipsa loquitur* in common carrier cases) is elementary and uncontradicted. Therefore the citation of authority is unnecessary. Yet we know of no sound reason and have found none stated in the books why this principle of presumptions should be applied to cases involving contractual relations and inapplicable to cases where no contractual relations exist.''

In *Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340 [73 Pac. 164], in a case where goods were injured by the overflow of water from the boiler of defendant's engine-room located on an upper floor, the court answering defendant's contention that the court erred in instructing the jury that the mere fact of the overflow of the water from the boiler under the circumstances of the case was *prima facie* evidence of negligence, says: ''The rule applicable to this question is thus stated in *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020], 'when a thing which causes injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.'

It appears from the evidence that this engine had been operated without injury, under the same circumstances, for three or four years before the accident happened. This sufficiently demonstrates that in the ordinary course of things such accidents did not happen, and was a justification of the instruction complained of. A large number of cases are cited from other states, apparently holding the contrary to this doctrine. It is sufficient to say that the rule is settled the other way in this state (*Butcher* v. *Vaca Valley etc. R. L. Co.*, 67 Cal. 518 [8 Pac. 174])." (See also, *Harlow* v. *Standard Improvement Co.*, 145 Cal. 477, 480 [78 Pac. 1045]; *Bowley* v. *Mangreen*, 3 Cal. App. 229, 234 [84 Pac. 996]; *Bauhofer* v. *Crawford*, 16 Cal. App. 676, 678 [117 Pac. 931]; *Lippert* v. *Pacific Sugar Corp.*, 33 Cal. App. 197, 208 [164 Pac. 810].)

In *Lippert* v. *Pacific Sugar Corp.*, *supra*, which was a case where death resulted from the explosion of a boiler, the court says: "The cases are industriously cited and considered in *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020]. Referring to *Young* v. *Bransford*, 12 Lea (Tenn.), 232, which supports a contrary doctrine, attention is called to the following language in the reported opinion of that case: 'At the same time the fact that there was an explosion, which is not an ordinary incident of the use of a steam boiler, ought to have some weight, inasmuch as it may be out of the power of the aggrieved party in some instances to prove any more. The reasonable rule would seem to be that laid down by Judge Wallace, that from the mere fact of an explosion it is competent for the jury· to infer, as a proposition of fact, that there was some negligence in the management of the boiler, or some defect in its condition.' We are satisfied that this is a case where the doctrine of *res ipsa loquitur* is applicable, and plaintiffs are not precluded from relying upon it because they charged specific omissions of duties or acts of negligence."

This doctrine is followed in a number of other states. In *Chiles* v. *Ft. Smith Com. Co.*, 139 Ark. 489 [8 A. L. R. 493 216 S. W. 11], the court adopts the same rule followed in this state and cites with approval *Judson* v. *Giant Powder Co.*, *supra*. (See, also, *Manning* v. *St. Paul Gas & Light Co.*, 129 Minn. 55 [Ann. Cas. 1916E, 276, L. R. A. 1915E,

1022, 151 N. W. 423]; *Gould* v. *Winona Gas Co.*, 100 Minn. 258 [10 L. R. A. (N. S.) 889, 111 N. W. 254]; *Kearner* v. *Tanner Co.*, 31 R. I. 203 [29 L. R. A. (N. S.) 537, 76 Atl. 833]; *Warn* v. *Davis Oil Co.*, 61 Fed. 631.)

Appellant in support of its contention has cited us to several cases; all but one, however, are from other jurisdictions, the one California case being *Union Investment Co.* v. *San Francisco Gas & Electric Co.*, 168 Cal. 58 [141 Pac. 807]. That case is reviewed in the later case of *Willard* v. *Valley Gas & Fuel Co.*, 171 Cal. 9, 13 [151 Pac. 286], in which the court, in commenting on the Union Investment Co. case, says: "The citation is not apt because in that case we were considering the record which did not disclose the origin of the fire as being an explosion of gas."

As to the other cases cited as holding that the mere fact of an explosion in a building furnished with gas does not establish a *prima facie* case or raise a presumption of negligence, nor does the fact that gas was found accumulated in a pit, though unusual and not according to the ordinary occurrence of events, give rise to a *prima facie* presumption of negligence, it may be said that the cases cited do not parallel the present case, but if they did, they are not authority, for, as is said in *Kahn* v. *Triest-Rosenberg Cap Co., supra*, "the rule is settled the other way in this state."

In the present case the pit containing the gas pipes had been used for more than a year before the accident happened, was under the management of appellant gas company, and the accident was "such as in the ordinary course of things does not happen if those who have the management use proper care," and therefore the doctrine of *res ipsa loquitur* applies (*Judson* v. *Giant Powder Co., supra*).

As to appellant's second contention that if the doctrine of *res ipsa loquitur* does apply, it has met the burden imposed, it may be said that the evidence offered by appellant merely creates a conflict and upon such conflict the judgment will not be disturbed on appeal. Appellant offered testimony to show the exercise of due care and to rebut the presumption of negligence. Witnesses connected with the appellant company testified that following the accident they tested the gas-pipes in the pit with soapsuds and found no leak; that there was a four-inch vent-pipe running from the pit to the corner of the street and coming up be-

tween the curb and the sidewalk, and also as to the character of the pit—that it was constructed modernly, with the latest improved devices or structures to prevent accumulation of gas. With the presumption of negligence, however, arising from the explosion, the question was one of fact as to whether the gas company had met the burden imposed upon it of showing the exercise of due care.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1928.

All the Justices concurred.