George S. WEIGAND, Appellant,

v.

PENNSYLVANIA RAILROAD COMPANY, a Corporation.

No. 12789.

United States Court of Appeals Third Circuit.

Argued April 10, 1959.

Decided May 20, 1959.

Samuel L. Goldstein, Pittsburgh, Pa. (Alexander L. Suto, Suto, Power, Goldstein & Walsh, Pittsburgh, Pa., on the brief), for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this Federal Employers' Liability action the single point on appeal is whether the trial court erred in denying plaintiff's request to charge res ipsa loquitur.

Plaintiff, employed as a freight conductor by the railroad defendant, while walking from the Wilkinsburg, Pennsylvania, yard office of the defendant across its property towards his train, stepped into a space between intervening railroad tracks. As he did the ground beneath him suddenly gave way and he fell into a circular hole about three feet in diameter and from five to six feet deep. He sustained personal injuries and thereafter sued his employer under the Act, 45 U.S.C.A. § 51 et seq.

Without detailing them at length here, the facts embraced within them a res ipsa loquitur situation. The complaint as drawn would permit that sort of proof. That the facts pointed to the occurrence warranting an inference of negligence was indicated at the pre-trial conference when, after plaintiff's counsel had said that, in addition to the factual witnesses, he would produce an engineer on the subject of drainage, the pre-trial judge queried, "Do you have to do that, if the ground gave way? However, it is up to you. The ground isn't supposed to give way under a man." Plaintiff's counsel answered, "Maybe I should show the reason." The judge replied, "O.K. You are going to have witnesses. All right * * *."

Plaintiff's points for charge were given the court the evening before summations and charge. The next morning the judge went over these with counsel. The sixth point read [166 F.Supp. 845]:

"6. The jury is instructed that if they find that the management and control of the defendant railroad yard was exclusively in the control of the defendant and/or its agents, servants or employees, and that the collapse of the track bed or ground was the cause of the plaintiff's injuries, then it is incumbent upon the defendant to come forward with evidence to explain the cause of such collapse and that the defendant exercised due care on its part in providing plaintiff with a safe place in which to work. (Eckman v. Bethlehem Steel Co., 387 Pa. 437, at [pages] 439 and 440 [128 A.2d 70].)"

As to this point defense counsel said:

"Now the sixth point, Your Honor, I don't agree with it as stated. I think what he is trying to say is the rule of the exclusive control, where you have a situation where the instrumentality is in the exclusive control and the accident is such as in the ordinary course of things does not happen, if the management used proper care. It affords reasonable evidence, in the absence of explanation, that the thing came about through negligence. Now, that is not what the point says—"

The court ruled: *"I refuse point 6 as written, and note an exception to the plaintiff."* (Emphasis supplied.)

Pausing here, it seems to us that while the point could have been more artistically drawn it adequately presented the

res ipsa doctrine for the purposes of the particular trial. It is substantially founded on the Eckman decision of the Pennsylvania Supreme Court which followed Mack v. Reading Company, 1954, 377 Pa. 135, 103 A.2d 749, 41 A.L.R.2d 927 in holding " * * * that the exclusive control doctrine is to be applied only where evidence as to cause is peculiarly or exclusively in the possession of the defendant and not equally available to both parties. The doctrine is purely a rule of evidence determining whose task it is to produce evidence, or, as Professor Wigmore has phrased it, 'who has the risk of non-persuasion': Dillon v. William S. Scull Co., 164 Pa.Super. 365, 64 A.2d 525. ' "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." ' Mack v. Reading Company, supra, 377 Pa. at page 139, 103 A.2d at page 751." [387 Pa. 437, 128 A.2d 72]

The federal doctrine of res ipsa loquitur is the same and the request was generally in accord with it. Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815; Sweeting v. Pennsylvania R. Co., 3 Cir., 1944, 142 F.2d 611.

The opinion of the trial judge on plaintiff's motion for a new trial tends to confirm the fundamental rightness of the point. The court there abandons any suggestion that it was improperly stated and puts the refusal to charge it solely and squarely on the ground that this was a case

" * * * where the plaintiff elects not to rest on the doctrine alone but pleads and proves specific acts of negligence and the defendant offers proof to exculpate itself from fault."

The court went on to frankly state that:

"I have given most thorough study to the facts of the accident as evinced in the record, and I believe that the circumstances necessarily conform to the requirements of res ipsa loquitur doctrine. The undisputed facts eliminate the element of plaintiff's own fault, establish sole control of the thing which caused the accident in the defendant, and compels the unavoidable conclusion that the injury is such that in the ordinary course of things would not occur if one having such control would exercise proper care.

* * * * * *

"If the plaintiff had elected, as suggested by the pre-trial judge, or if the matter had been presented to the trial judge, the proof of the happening of the accident under the circumstances which were not disputed would have in itself required and justified the submission of the case to the jury under the res ipsa loquitur doctrine.

"However, for reasons not presented to the court, plaintiff elected to try the proceedings by not relying solely on the doctrine, and offered evidence to establish specific acts of negligence on the part of the defendant."

The court commenting regarding the complaint said:

"Plaintiff's complaint alleged specific acts of negligence and in addition thereto plead defendant's negligence generally, and introduced proof of alleged specific acts of negligence."

It characterized the problem as follows:

"The question is raised as to where a plaintiff alleges specific acts of negligence and in addition thereto has pleaded defendant's negligence generally, and in trial introduces evidence to establish specific acts of negligence on defendant's part, assuming that the doctrine is otherwise applicable, whether or not such proof and specific pleading will de-

prive plaintiff of the benefit of the doctrine."

And held:

"* * * if plaintiff alleges negligence specifically and generally, and produces evidence of specific acts of negligence, he is thereby precluded from relying on the inferences permissible and benefit of the doctrine."

Though we disagree with his conclusion we very much like the way in which the trial judge, as above quoted, courageously and sharply defines the true issue.

Under the settled law, if plaintiff's proofs had established the exact accident cause in a res ipsa loquitur situation, no election would be possible. The claim necessarily would stand or fall on the defense control theory. However, we have before us not only a res ipsa claim but one capable of some specific proof regarding the railroad's alleged negligence. In these peculiar circumstances to force the plaintiff to abandon one of his theories is not only illogical but unfair. Whichever he chose might fail and the discarded contention might have convinced the jury. In this instance the specific proof did not satisfy the jury. And from the tenor of the jury's inquiry to the court and its verdict,[1] having in mind the charge,[2] if point 6 had been given the jury and the two grounds for recovery carefully outlined, a verdict in favor of the plaintiff is not seen to have been beyond possibility.

The mechanics of clearly presenting both sets of principles offers no great task to the fine type of experienced district judge who tried this suit. Indeed it was only because he considered an election made necessary by the offer of particular negligence evidence that he finally eliminated res ipsa loquitur from the cause of action.

We have found no decision nor has our attention been called to any which would make an election between resting on the res ipsa loquitur doctrine or establishing specific negligence mandatory under circumstances akin to those of this appeal. The reported opinions are all to the contrary. Perhaps the leading case on the precise subject is Cassady v. Old Colony St. Ry. Co., 1903, 184 Mass. 156, 68 N.E. 10, 12–13, 63 L.R.A. 285. There the court under the identical legal circumstances before us said:

"The defendant also contends that, even if originally the doctrine would have been applicable, the plaintiff had lost or waived her rights under that doctrine, because, instead of resting her case solely upon it, she undertook to go further, and show particularly the cause of the accident. This position is not tenable. It is true that, where the evidence shows the precise cause of the accident, * * * there is, of course, no room for the application of the doctrine of presumption. The real cause being shown, there is no occasion to inquire as to what the presumption would have been as to it if it had not been shown. But if, at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are

1. The jury while deliberating asked the court:

"If we can agree on the Pennsylvania Railroad being not negligent can we still consider any remuneration to the plaintiff?"

The verdict was "The defendant Pennsylvania Railroad not guilty of negligence."

2. The court charged that:

"Now, negligence or carelessness of the railroad shall not be inferred by reason of the mere fact that an accident occurred or that injuries were sustained while Mr. Weigand was engaged in the furtherance of his employment with the railroad. It is the duty of a plaintiff employee, before a right to recover exists, to prove some act of negligence, some act of lack of care, some carelessness on the part of the defendant railroad for the accident. And this proof must be established by the plaintiff by the fair preponderance or the weight of all the credible evidence."

justified in relying upon presumptions, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumptions applicable to it."

In a later opinion from the same court, McNamara v. Boston & M. R. Co., 1909, 202 Mass. 491, 89 N.E. 131, 134, which closely applies to this appeal, the court stated:

"The fact that both the plaintiff and the defendant introduced evidence to show just what was the cause of the blowing off of this top roof was properly called to the attention of the jury. They were told that if the accident was explained, if they were satisfied as to its cause, then they must take all of the facts and say whether or not negligence of the defendant was proved. But they rightly were told also that if they found no explanation of the accident, then it stood as unexplained, and furnished some evidence of negligence. The mere fact that either party or both parties had attempted to explain the occurrence and had failed in that attempt would not prevent the application of the doctrine of res ipsa loquitur."

The oft cited opinion in Leet v. Union Pac. R. Co., 1944, 25 Cal.2d 605, 155 P.2d 42, 51, 158 A.L.R. 1008, 1020 holds:

"Hence, we conclude that evidence of specific acts of negligence does not deprive plaintiff of the benefit of the doctrine (res ipsa loquitur), unless the case is one where the inference would be dispelled as a matter of law under the same rules that apply in cases generally."

In Ozark v. Wichita Manor, Incorporated, 5 Cir., 1958, 258 F.2d 805, 806, the court held:

"Specific acts complained of or evidence establishing the likely existence of them do not prevent the case being one for application of res ipsa loquitur."

The Supreme Court of New Jersey in Cleary v. City of Camden, 1937, 118 N.J.L. 215, 221, 192 A. 29, 33, held:

"The holding in the aforementioned cases merely illustrates that in addition to the permissible inferences of negligence, want of due care, that may be drawn from the facts and circumstances connected with the happening of the accident itself, upon the doctrine of res ipsa loquitur, the injured party may also show such other relevant facts and circumstances to the end of determining whether due care had been exercised in the sole management and control of the thing which caused the accident, and if not so exercised whether the accident resulted from lack of care. In such circumstances, apparently the trial judge is doubly fortified in his submission of the case to the jury."

To the same effect see Wood v. Roxborough C. H. & N. Pass Ry. Co., 1895, 12 Montg. Co. Law Rep., Pa., 155; Foulke v. Meiluta, D.C.E.D.Pa.1958, 164 F.Supp. 384, 388; Forsch v. Liebhardt, 1949, 5 N.J.Super. 75, 68 A.2d 416; Lowery v. Hocking Valley R. Co., 6 Cir., 1932, 60 F.2d 78.

Appellee does not argue the above point.

Its first contention is that the refusal of the court to charge plaintiff's sixth request cannot be urged as error on this appeal because appellant did not take an exception. The transcript reveals that the court in denying the request said: "I refuse point 6 as written and *note an exception to the plaintiff.*" (Emphasis supplied.)

Next, argues appellee, " * * * a party cannot be allowed to try his case on one theory and then, when both parties have rested inject a new theory into the case."

Res ipsa loquitur was in the case from the moment the complaint was filed under the general allegation of negligence. The

district judge states that plaintiff tried his cause both on that theory and charging specific negligence. Plaintiff's sixth request as to res ipsa loquitur was not objected to by the defense on the ground that doctrine was not part of plaintiff's trial plan but simply because the defense urged it was an improper statement of the principle. The court at that time merely denied the request as stated with not the slightest indication res ipsa was not an element of the cause of action. And on the motion for new trial, as we have seen, the court directly commented that. plaintiff presented his claim both from the standpoint of res ipsa loquitur and that of specific negligence.

■ Appellee also repeats its objection to the wording of the sixth request first because, though it admits management and control of the yard, it asserts there is nothing reasonable in attributing to it control of "the thing which causes the injury". At most res ipsa loquitur permits an inference of such control. And it does seem that it could be reasonably inferred that the railroad would control the drainage of its yard, especially when the yard area is actually an elevated artificial fill.

Appellee urges that "a trial court cannot be charged with error in refusing an admittedly erroneous point for charge, * * *." There is no admission of that kind. What does appear plainly is that the only reason the trial judge did not charge plaintiff's res ipsa loquitur point was because the court concluded that plaintiff had by "both alleged and submitted proof of specific acts of negligence, * * * thereby forfeited his right to the charge of the court under the doctrine of res ipsa loquitur * * *."

Appellee suggests the refusal of the sixth point resulted in no prejudice to plaintiff. It is impossible to so determine at this stage of the proceedings. The jury was charged that "negligence or carelessness of the railroad shall not be inferred by reason of the mere fact that an accident occurred. * * * It is the duty of a plaintiff employee, before a right to recover exists, to prove some act

of negligence, some act of lack of care, some carelessness on the part of the defendant railroad for the accident. And this proof must be established by the plaintiff by the fair preponderance or the weight of all the credible evidence." In this trial where the cause of the accident did not clearly appear, certainly where there was a dispute as to what it was, plaintiff was entitled to argue upon the whole evidence and the jury would have been justified in relying upon the res ipsa loquitur presumption applicable to the facts, unless they were satisfied that the cause had been shown to be inconsistent with it.

The judgment of the district court will be reversed and the case remanded for a new trial.