Paul M. FORSMAN, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant (John F. Casey Company, Third Party Defendant).

Civ. A. No. 13720.

United States District Court
W. D. Pennsylvania.

Jan. 11, 1960.

Dennis C. Harrington (of James P. McArdle), Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Pringle, Bredin & Martin), Pittsburgh, Pa., for Pennsylvania R. Co.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for John F. Casey Co.

GOURLEY, Chief Judge.

In this action under the Federal Employers' Liability Act, plaintiff claims damages for injuries sustained when the earth suddenly gave way beneath him in the Railroad's yard while employed as a brakeman for the Pennsylvania Railroad Company. 45 U.S.C.A. § 51 et seq.

Pennsylvania Railroad Company joined John F. Casey Company as third party defendant on the theory that Casey had performed certain work, which included tunnelling for the purpose of laying conduit and pipe in the general area where plaintiff was injured and that plaintiff's injuries were due in whole or in part to Casey's negligence in the performance of its contract with the Railroad.

Upon jury trial verdict was returned in favor of plaintiff and against defendant, Pennsylvania Railroad Company, in the amount of $91,000, and found judgment in favor of John F. Casey Company on the Railroad's third party claim.[1]

---

1. In answer to specific interrogatories, the jury concluded as follows:

"Did the accident result in whole or in part from negligence of the Pennsylvania Railroad Company in failing to exercise reasonable care and caution to provide the plaintiff a reasonably safe place in which to work?

"Answer yes or no, and whether in whole or in part.

"Yes — whole

"If answer is 'Yes,' whether in whole or in part, answer 1–A.

"Was the negligence of the Pennsylvania Railroad Company in failing to exercise reasonable care and caution to provide the plaintiff a reasonably safe place in which to work separate and apart from the work performed by John F. Casey Company under the contract with the Pennsylvania Railroad Company?

"Answer yes or no Yes

"Did the accident result in whole or in part from negligence of John F. Casey Company in the performance of its work under the contract with the Pennsylvania Railroad Company?

"Answer yes or no, and whether in whole or in part

"No

"Did the accident to Paul M. Forsman on April 16, 1955 result from the work

884

The matter before the court relates to defendant's motion for new trial and/or judgment notwithstanding the verdict.

## Motion for Judgment Notwithstanding the Verdict.

After plaintiff, in the course of his employment had moved a cut of cars and returned in a motor car provided to transport brakemen at the Conway Yard of defendant which had stopped at its usual place in said yard at the apex of a hump, plaintiff commenced to walk toward the Yardmaster's office when the earth suddenly gave way beneath him at a point which appeared previously to be solid ground.

Several months prior to plaintiff's accident, Casey, third party defendant, had done certain tunnelling in the general area subject to approval by the Railroad's inspecting personnel.

Evidence was further adduced to establish that the ground in the vicinity where the accident occurred had partly washed away and required the placing of timbers. Further, that a plague of rats had been living in the hump and on one occasion at least a fire had been burning underneath the hump, requiring excavation on the part of the Railroad in order to extinguish the fire.

 In view of the duty of inspection which reposed upon the Railroad with respect to tunnelling work being performed by Casey together with evidence of specific circumstances and conditions upon which a finding of negligence might well be premised, it is my judgment that in passing upon a motion to set aside a verdict for plaintiff and to enter judgment for defendant, construing the evidence and all inferences to be drawn therefrom in a light most favorable to the plaintiff and all conflicts in his favor, that ample evidence was produced to raise a jury question.

Thomas v. Conemaugh & Black Lick Railroad, 3 Cir., 234 F.2d 429.

I am satisfied that the record evinces sufficient credible evidence to support the findings of the jury.

The motion for arrest of judgment or for judgment notwithstanding the verdict must be refused.

## Motion for New Trial.

In addition to the general allegations that the verdict was against the evidence, the weight of the evidence and the law, it is contended that the court erred in its instructions to the jury as to the applicability of the doctrine of res ipsa loquitur in two particulars:

(a) That the doctrine of res ipsa loquitur should not apply to the defendant and

(b) if said doctrine did apply to defendant, it should also apply to John F. Casey Company, third party defendant, in the same manner.

It is noteworthy that in no instance did the court invoke the doctrine of res ipsa loquitur as a matter of law either as to the Railroad or Casey. Rather, the court instructed the jury as to the requirements under which the doctrine becomes applicable, and left it for the jury's determination whether said rule is to be given effect either as between the plaintiff and defendant Railroad, or as between third party plaintiff railroad, and third party defendant Casey.

The court in its instructions was guided by the rules of law enunciated by this Circuit in Weigand v. Pennsylvania Railroad, 3 Cir., 267 F.2d 281 where the doctrine was applied under similar circumstances.

 It is my judgment that the court was more than generous to the Railroad in its instructions with reference to the Railroad's claim against Casey. The

---

performed by the John F. Casey Company under the contract with the Pennsylvania Railroad Company?

"Answer yes or no

"No
——

"What damages did Paul M. Forsman sustain as a result of the accident of April 16, 1955, without any consideration being given to the fault or responsibility for the accident?

"Answer: $91,000.00"

work which was done by Casey had been completed and accepted in October, and the accident did not occur until the following April, and despite a discrepancy in testimony as to where the tunnel was located with reference to the situs of the accident, and the prerequisite element of exclusive control on the part of Casey was most doubtful and questionable, nevertheless, because of defense counsel's persistence in his request for a charge on res ipsa loquitur, the jury was instructed on the doctrine in the claim of the Railroad against Casey.

Assuming, however, that should the circumstances of the accident not even justify a charge to the jury on res ipsa loquitur, the verdict could well be sustained on the rudiments of simple negligence. In this connection plaintiff submitted proof to the effect that defendant was required to insert timbers in an effort to buttress the ground as a result of the earth being partly washed away; that rats had infested the area; and that fire occurred underneath the hump necessitating certain excavation on the part of the Railroad. With respect to its charge on negligence, the court followed the mandate of this Circuit as to the requirements of proof. Kendrick v. Piper Aircraft Corp., 3 Cir., 265 F.2d 482.

### Excessiveness.

■ Counsel for defendant contends that the verdict was contrary to the evidence in that it was excessive. As a result of this accident, plaintiff had suffered a crush fracture of the twelfth thoracic vertebra and damage to the intervertebral disc above said vertebra with extensive damage to the nerve supply resulting in extensive pain, necessitating back manipulations and aid of a back brace for one year. In addition, based upon defendant's own testimony plaintiff suffered traumatic neurosis, which condition continued on the date of trial. He was permanently disabled to the extent of 20%, and for all practical purposes is unable to carry on the occupation of a brakeman.

Plaintiff, age thirty-five, has a life expectancy of 36.3 years. His loss of earnings until date of trial was approximately $20,000. Assuming the loss of earnings based upon the hourly rate presently provided in the type of work plaintiff performed, his wage expectancy until attaining the age of sixty-five would approximate $170,000. It is well known in railroad parlance that seniority begets higher status in job assignments. Based upon the probabilities as indicated by medical testimony, this expectancy has been most substantially or completely destroyed.

I am further compelled to recognize that in considering an award for pain and suffering, the jury was required to consider actual pain experienced and a span of probable pain in the future encompassing many years in time to come.

■ As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick Railroad, supra.

I am satisfied that the award was commensurate with the amount of damages evinced in the record.

In considering the instant motion for new trial, I have evaluated the complete record and exhibits with meticulous care, and I am convinced, upon recapitulation of all the credible evidence, that the quantum of proof is such that a jury could reasonably conclude that the negligence of the Pennsylvania Railroad was the sole cause of plaintiff's injuries; that Casey was guilty of no act of negligence which contributed to the accident, nor did Casey breach its contract with Pennsylvania Railroad which justified or entitled Pennsylvania Railroad to recover against Casey.

It is my considered judgment that the verdict rendered was not against the

evidence, weight of the evidence, or the law.

After again applying most reflected judgment to the record, I believe that under all the credible evidence justice sustains plaintiff's right to recover in the amount of $91,000, and that the verdict in favor of Casey and against the Railroad was not against the evidence, weight of the evidence or the law.

An appropriate Order is entered.