Per Curiam.

It being the mandate of the statute (CCA, § 1804) that the rules of substantive law are applicable to the Small Claims Court, the court below erred in departing from the traditional rules of negligence and in adopting a rule of strict liability without fault. Stability and certainty in the law require adherence to precedents by courts of original jurisdiction, and the decisions of the Court of Appeals must be followed by all lower courts (Brooks v. Horning, 27 A D 2d 874, 876 ; McGilfrey v. Hotaling, 26 A D 2d 977 ; Canter v. American Cyanamid Co., 12 A D 2d 691 ; Thomas v. Hendrickson Bros., 30 A D 2d 730, 731 ; 1 Carmody-Wait, New York Practice 2d, §§ 2:50, 2:58). If a rule of strict liability is to be adopted, the pronouncement should come from the Legislature or the Court of Appeals, and not from a court of original jurisdiction.
There being no proof of negligence on the part of the defendant Consolidated Edison Company, the judgment should be reversed as to it and the complaint against it dismissed.
With respect to the claim against the defendant City of New York, we find, contrary to the decision below, that there was sufficient proof of its negligence to sustain a recovery against it. The proof of a burst water main permitted an inference that the damage was due to the negligence of the city (George Foltis, Inc. v. City of New York, 287 N. Y. 108, 118). While it is true that the court was not compelled to draw that inference, there appears no reason for declining to do so. Therefore, in the absence of any evidence on the part of the city, judgment should have been rendered against it. While the court below found otherwise on this issue, it is within our province to review the facts (CPLR 5501, subd. [d]), and, in a nonjury case, to render the judgment which the court below should have granted (CPLR 5522 ; Bruno v. Kosnac, 13 A D 2d 650 ; Society of N. Y. Hosp. v. Burstein, 22 A D 2d 768). We conclude that the judgment against the city should be affirmed, although in affirming, we are not approving the reasons reached below (Ward v. Hasbrouck, 169 N. Y. 407, 420).
The judgment should be modified to the extent of reversing so much thereof as is against the defendant Consolidated Edison Company without costs, and dismissing the complaint against it; otherwise affirmed, with $25 costs.
Concur— Qmxrr, J. P., Lttpiaxo and Streit, JJ.
Judgment modified, etc.