411 A.2d 509

**HOLLYWOOD SHOP, INC.**

v.

**PENNSYLVANIA GAS AND WATER COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Sept. 28, 1979.

Petition for Allowance of Appeal Denied April 2, 1980.

---

**11.** Appellant did move to dismiss the information, but only on Rule 1100 grounds.

246

Joseph J. Musto, Wilkes-Barre, for appellant.

Richard J. Confair, Wilkes-Barre, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order granting a new trial. The trial judge refused the plaintiff's (appellee's) request for a *res ipsa loquitur* instruction, but the lower court, sitting *en banc,* held that the instruction should have been given.

The case concerns a water main break that occurred in Wilkes-Barre on May 28, 1972. Appellee's store, which was on the first block of South Main Street, suffered substantial

damage as a result of the break. Appellant owned the water main. The main was a ten inch main and made of cast iron, and had been installed in 1888 by appellant's predecessor the Spring Brook Water Company, Record at 34a, 45a. Trolley cars, running on tracks and propelled by overhead electricity, operated on the block in question from the 1920's until 1950. Record at 39a. The tracks were removed in 1951. Record at 40a.

Appellee called one Julius Pfau, who was qualified as an expert in the field of civil engineering. Pfau testified that the break in the water main would not have occurred if the main had been properly maintained, installed and inspected, Record at 125a; that the cause of the break was corrosion due to electrolysis, Record at 133a; that the continued use of the main from 1888 to 1972 was inconsistent with good industry standards, Record at 144a; and that given the condition of the main, the pressure inside it was excessive, Record at 157a. Pfau offered his opinions in response to a lengthy hypothetical; he had had no opportunity to inspect or perform any tests on the thirteen foot piece of the main that was removed after the break occurred. Record at 128a.

Appellant called several of its employees, who described the damaged water main. One of the employees, Joseph Lubinski, was qualified as an expert in the field of civil engineering. Lubinski testified that the break was not caused by electrolysis, Record at 278a, but rather by undue stresses resulting from some type of abnormal external loading, Record at 282a. He also testified that the stresses could have been caused either by movements in the ground or by some activity above ground, or by a combination of these. Record at 296a. Lubinski further testified that part of the main under the first block of South Main Street had been exposed thirty-nine times between 1925 and 1972 in order to connect it with subsidiary lines to various business establishments, Record at 294a, and that this exposure would have enabled appellant to determine whether the main was defective. Record at 300–301a.

The trial judge instructed the jury that it could find appellant negligent if it believed Pfau's testimony about the corrosion of the main. The judge refused appellee's request for a *res ipsa loquitur* instruction, to be worded consistent with Section 328D of the Restatement (Second) of Torts. The jury returned a verdict in favor of appellant. As has been indicated, appellee made a motion for a new trial, arguing that the trial judge should have given the requested instruction, and the lower court, sitting *en banc,* granted the motion.

Appellant makes two arguments. First, it argues that appellee was not entitled to a *res ipsa loquitur* instruction because appellee had offered specific evidence of negligence; and second, that appellee was not entitled to the instruction because appellee did not allege *res ipsa loquitur* in its complaint.

–1–

In *Gilbert v. Korvette Inc.,* 457 Pa. 602, 327 A.2d 94 (1974), the Supreme Court adopted Section 328D of the Restatement (Second) of Torts, titled Res Ipsa Loquitur, which provides:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

The Restatement makes clear that to get to the jury, a plaintiff must by a preponderance of the evidence prove all the elements enumerated in subsection (1). Interestingly, the Restatement's "Illustration 6" is quite similar to the present case:

Illustrations:

6. A's premises are damaged by water escaping from a main under the street. The main was originally installed by B Company, which has at all times had exclusive control of its inspection and maintenance. There is expert evidence that water mains made of proper material and properly installed, inspected and maintained, do not ordinarily break. Without other evidence, it may be inferred that the escape of the water was due to the negligence of B Company.

Indeed, three members of this court cited this Illustration in *Banet v. City of Philadelphia,* 226 Pa.Super. 452, 313 A.2d 253 (1973), which was also a case similar to the present case. There, the plaintiff-appellant had offered rather specific evidence of negligence but had also argued that the trial judge erred in not instructing the jury on the doctrine of exclusive control, a doctrine similar to *res ipsa loquitur.* The court split 3–3. There was no Opinion in Support of Affirmance. The Opinion in Support of Reversal agreed with the Restatement view that *res ipsa loquitur* applies to a water main case, particularly where the plaintiff is unable to examine the broken pipe. *See also Smith v. Southern Counties Gas Co.,* 89 Cal.App. 81, 264 P. 532 (1928); *Fine v. Mayor and Council of Wilmington,* 47 Del. 539, 94 A.2d 393 (Del.Superior Ct., 1953); *C. C. Anderson Stores Co. v. Boise Water Corp.,* 84 Idaho 355, 372 P.2d 752 (1962); *Quigley v. Village of Hibbing,* 268 Minn. 541, 129 N.W.2d 765 (1964); *Adam Hat Stores Inc. v. Kansas City,* 316 S.W.2d 594 (Mo., 1958); *Bierman v. Consolidated Edison Co. of New York and the City of New York,* 66 Misc.2d 237, 320 N.Y.S.2d 331 (1970); *Foltis v. City of New York,* 287 N.Y. 108, 38 N.E.2d 455 (1941); *Kind v. City of Seattle,* 50 Wash.2d 485, 312 P.2d 811 (1957).

■ Since the Restatement view has significant support from members of this court and other state courts, we conclude that it should be adopted and applied here.[1] Therefore, appellee's expert, having testified that a properly installed, inspected and maintained water main would not have broken, appellee was entitled to a *res ipsa loquitur* instruction.

Appellant, however, argues that because appellee had offered specific evidence of negligence, it was not entitled to a *res ipsa loquitur* instruction. Appellant cites *Farley v. Philadelphia Traction Company*, 132 Pa. 58, 18 A. 1090 (1890), where the Supreme Court stated:

> The presumption of negligence arises from the entire absence of proof, or the want of clear and indubitable proof, of the cause of the accident. Where, however, there is evidence from which the cause can be clearly and indubitably ascertained, the presumption ceases, and the question of negligence is to be determined from the evidence.

132 Pa. at 61.

Stated differently, this is a rule that where the plaintiff's proofs have established the exact cause of an accident, a *res ipsa loquitur* instruction is not warranted, *Weigand v. Pennsylvania Railroad Company*, 267 F.2d 281 (3rd Cir., 1959) (applying Pennsylvania law); *see also Omaha Packing Co. v. Pitts. F. W. and C. R. Co.*, 120 F.2d 594 (7th Cir., 1941), *cert. denied*, 314 U.S. 645, 62 S.Ct. 85, 86 L.Ed. 517 (1941); *Klingman v. Loew's Inc.*, 209 Minn. 449, 296 N.W. 528 (1941); *Berry v. Kansas City Public Service Company*, 343 Mo. 474, 121 S.W.2d 825 (1938); *Lyon v. Chicago M. and St. P. R. Co.*,

1. Technically, this decision does not overrule *Banet v. City of Philadelphia, supra,* for two reasons. First, in *Banet,* there was no decision but only a result. As noted the court divided evenly, and there was no opinion explaining the vote to affirm. Second, the issue in *Banet* was not whether a *res ipsa loquitur* instruction, but whether an exclusive control instruction, should have been given. Nevertheless, the Supreme Court's decision in *Gilbert v. Korvette, supra,* incorporated the doctrine of exclusive control into the doctrine of *res ipsa loquitur,* 457 Pa. at 611, 327 A.2d at 99, and what we do today therefore significantly undercuts the judgment in *Banet.*

50 Mont. 532, 148 P. 386 (1915); *Pierce v. Gooding Amusement Co.*, 55 Ohio L. ABS 556, 90 N.E.2d 585 (1949).

One may agree that this rule is sound, since as a rule of circumstantial evidence, *see Restatement of Torts (Second)* § 328D (comment b), *res ipsa loquitur* may be inapplicable if the plaintiff has direct evidence of negligence. However, we do not believe that the rule controls the present case. In *Farley*, the plaintiff was able to testify that he was injured when he fell over a trolley car wheel sheath. Here, appellee was unable to prove the exact cause of the water main break but had to rely on an expert who could only opine that the cause of the break was that the water pressure inside the main was too great for it to withstand, given its corroded condition. This case in fact is quite similar to *Weigand v. Pennsylvania Railroad Company, supra*, relied on by the lower court *en banc*. There, the Third Circuit had to decide whether the trial judge had erred in refusing to give a *res ipsa loquitur* instruction where the plaintiff had offered specific evidence of negligence. As the plaintiff stepped between two railroad tracks, the ground gave way and he fell into a five foot hole. He proceeded on a *res ipsa loquitur* theory, but also called an engineer to testify as to drainage conditions and to offer an explanation of the accident. The Third Circuit acknowledged that if the plaintiff were able to prove the exact cause of the accident he would not be entitled to a *res ipsa loquitur* instruction, but stated:

> [W]e have before us not only a res ipsa claim but one capable of some specific proof regarding the railroad's alleged negligence. In these peculiar circumstances to force the plaintiff to abandon one of his theories is not only illogical but unfair.
>
> 267 F.2d at 284.

In *Leet v. Union Pac. R. Co.*, 25 Cal.2d 605, 155 P.2d 42, 51 (1944), the California Supreme Court made the same point:

> If, because of the circumstances of the case and the probabilities, an inference of negligence is raised, the doctrine should be applied, it is difficult to see why its application should be denied merely because plaintiff

proves specific acts of negligence. There is no reason why such proof should wholly dispel the inference any more than it would in any other case. The plaintiff is penalized for going forward and making as specific a case of negligence as possible. If he endeavors to make such a case he runs the risk of losing the benefits of the doctrine to which the circumstances entitle him. Rather than place him in such a position he should be encouraged to prove as much as possible. The end result is not injurious to the defendant.

*And see Citrola v. E. A. L.,* 264 F.2d 815 (2nd Cir., 1959); *Freitas v. Peerless Stages,* 108 Cal.App.2d 749, 239 Pa.2d 671 (1952); *McNamara v. Boston and M. R. Co.,* 202 Mass. 491, 89 N.E. 131 (1909); *Cassady v. Old Colony Street R. Co.,* 184 Mass. 156, 68 N.E. 10 (1903); *McDowell v. Southwestern Bell Tel. Co.,* 546 S.W.2d 160 (Mo.App.Ct., 1976); *McCaffery v. St. Louis Pub. Serv. Co.,* 363 Mo. 545, 252 S.W.2d 361 (1952); *Cleary v. City of Camden,* 118 N.J.L. 215, 192 A. 29 (1937). Moreover, in *Springer v. Reimers,* 4 Cal.App.3d 325, 84 Cal.Rptr. 486 (1970), the California Court of Appeals, First Appellate District, emphasized that where, as here, the plaintiff's specific evidence of negligence is directly disputed by the defendant, it may be especially important that the plaintiff get a *res ipsa loquitur* charge if he is otherwise entitled to it.

We consider that the rule stated in *Weigand* and the foregoing cases is sound.[2] Since the case before us fits within it, the lower court *en banc* was correct in its conclusion that the trial judge should have given the *res ipsa loquitur* instruction requested by appellee. We note, however, that this holding is limited to the facts of this case, which lie somewhere between the case in which the plaintiff brings in *no* evidence of specific acts of negligence, and therefore must rely on the *res ipsa loquitur* inference alone,

2. The Restatement states that this rule "now tends to prevail." Restatement of Torts (Second) § 328D (Comment m). *See also* cases cited in 33 A.L.R.2d 795–797. For cases standing for the rule that the introduction of specific evidence precludes *res ipsa loquitur, see* cases cited in 33 A.L.R.2d 800–803.

and the case in which the defendant's negligence "can be clearly and indubitably ascertained" from the plaintiff's evidence, *Farley v. Philadelphia Traction Company, supra,* and therefore the plaintiff need not rely on the *res ipsa loquitur* inference at all.

–2–

Our conclusion that appellee was entitled to a *res ipsa loquitur* instruction is not altered by appellant's second argument, that appellee was not entitled to the instruction because appellee did not allege *res ipsa loquitur* in its complaint. The court in *Weigand* also faced this argument and responded by observing that "*[r]es ipsa loquitur* was in the case from the moment the complaint was filed under the general allegation of negligence." 267 F.2d at 285. *See also Leet v. Union Pac. R. Co., supra* ; *Hopkins v. Chesapeake Utilities Corp.,* 290 A.2d 4 (Del.Superior Ct., 1972); *McDonough v. Boston Elevated R. Co.,* 208 Mass. 436, 94 N.E. 809 (1911); *Hall v. St. Louis Pub. Serv. Co.,* 266 S.W.2d 597 (Mo., 1954); *St. John's Hospital and School of Nursing Inc. v. Chapman,* 434 P.2d 160 (Okl., 1967). In *Fassbinder v. Pa. R. Company,* 322 F.2d 859, 861 (3rd Cir., 1963), the Third Circuit went further and did not even require the plaintiff to plead negligence generally in order to invoke the doctrine later.[3] The court explained: "The *res ipsa loquitur* doctrine is simply a rule of evidence and like any other rule of evidence it is brought into play where the situation presented makes it applicable. It does not have to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trial or at trial, since it is neither a cause of action nor a ground for recovery, nor an 'issue'." 322 F.2d at 863. We agree.

Affirmed.

PRICE, J., dissents.

**3.** Many cases, "perhaps the majority" of recent ones, support the *Fassbinder* view, *see* 2 A.L.R.3d 1356–62, although other cases state that the specific pleading of negligence precludes later reliance on *res ipsa loquitur, see* cases cited in 2 A.L.R.2d 1343–1346. For the range of case law on this subject, *see* cases cited in 2 A.L.R. 2d 1335–1367.